# UNITED STATES DISTRICT COURT

**HEADQUARTERS**
220 EAST ROSSER - ROOM 476
POST OFFICE BOX 1193
BISMARCK, ND 58502

**DISTRICT OF NORTH DAKOTA**

**ROBERT ANSLEY**
CLERK

**DIVISIONAL OFFICE**
655 1ST AVENUE NORTH
SUITE 130
FARGO, ND 58102

TELEPHONE: (701) 530-2300
FACSIMILE: (701) 530-2312

TELEPHONE: (701) 297-7000
FACSIMILE: (701) 297-7005

United States District Court - Eastern District of Virginia
Office of the Clerk
Albert V. Bryan U.S. Courthouse
401 Courthouse Square



FILED
MAILROOM

MAR 1 9 2019

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

**Re:**

Pertoskie Williams                    Our Case #: 2:11-cr-79

Dear Clerk,                           1:19CR92

The above referenced defendant's supervision has been ordered transferred to your district. Enclosed please find a copy of the docket sheet, charging document, plea agreement (if applicable), judgment, and the Probation Form 22. Also included is a summary of the status of the defendant's criminal debt.

If you need additional documents, you may access electronically filed documents in this case at our ECF/PACER web address: http://www.ndd.uscourts.gov/cm_ecf.html. If you need paper copies of any documents that are not available electronically, please contact the office listed below:

☐ Office of the Clerk
220 East Rosser Ave.
Suite 476
Bismarck, ND 58501
701-530-2300

☑ Office of the Clerk
655 1st Ave. North
Suite 130
Fargo, ND 58102
701-297-7000

Sincerely,

Robert Ansley, Clerk

By: /s/ Jackie Stewart, Deputy Clerk

Enclosure

CLOSED,JOHNSON V. US,M2255

# U.S. District Court
## District of North Dakota (2)
## CRIMINAL DOCKET FOR CASE #: 2:11-cr-00079-RRE-1
### Internal Use Only

Case title: USA v. Williams
Related  Case: 3:16-cv-00146-RRE

Date Filed: 07/14/2011
Date Terminated: 05/16/2012

Assigned to: Chief Judge Ralph R. Erickson

Appeals court case number: 15-2659 USCA-8

### Defendant (1)

**Pertoskie Williams**
*TERMINATED: 05/16/2012*

represented by **Christopher J. Lancaster**
FEDERAL PUBLIC DEFENDER OFFICE
FEDERAL SQUARE
112 ROBERTS ST N STE 200
FARGO, ND 58102
701-239-5111
Email: Beth_Schwartz@fd.org
*TERMINATED: 06/19/2012*
*Designation: Public Defender*

**Darla J. Schuman**
SCHUMAN LAW OFFICE
2211 S WASHINGTON ST, SUITE E
GRAND FORKS, ND 58201
701-757-3357
Fax: 701-757-0455
Email: lawfirmmaildjs@aol.com
*TERMINATED: 06/09/2016*
*Designation: CJA Appointment*

**Neil K. Fulton**
Federal Public Defender Office
101 S. Pierre St., 3rd Fl
PO Box 1258
Pierre, SD 57501
605-224-0009
Fax: 605-224-0010
Email: callan_shaw@fd.org

*TERMINATED: 10/01/2018*
*Designation: Public Defender*

**Rachael Ann Steenholdt**
FEDERAL PUBLIC DEFENDER
OFFICE
FEDERAL SQUARE
112 ROBERTS ST N STE 202
FARGO, ND 58102
701-239-5111
Email: beth_schwartz@fd.org
*TERMINATED: 10/01/2018*
*Designation: Public Defender*

| **Pending Counts** | **Disposition** |
| --- | --- |
| 18:922(g)(1), 924(a)(2) and 924(e) VIOLENT CRIME/DRUGS/MACHINE GUN - Possession of Firearm by a Convicted Felon (18:922O.F) (1) | 102 months imprisonment, 3 years supervised release, $100 special assessment (for a total of $200), voluntary surrender: 7/16/12. FINAL ORDER ON PETITION filed on 6/19/12 committed defendant to custody of BOP (see Doc #39). AMENDED JUDGMENT: 10/1/18: 45 months imprisonment, 3 years supervised release. Second Amended Judgment filed on 10/15/18. |
| 18:922(j) and 924(a)(2) RECEIVE STOLEN FIREARMS - Possession of Stolen Firearm (18:922J.F) (2) | 102 months imprisonment, 3 years supervised release, $100 special assessment (for a total of $200), voluntary surrender: 7/16/12. FINAL ORDER ON PETITION filed on 6/19/12 committed defendant to custody of BOP (see Doc #39). AMENDED JUDGMENT: 10/1/18: 45 months imprisonment, 3 years supervised release. Second Amended Judgment filed on 10/15/18. |

**Highest Offense Level (Opening)**
Felony

| **Terminated Counts** | **Disposition** |
| --- | --- |
| None | |

**Highest Offense Level (Terminated)**
None

**Complaints**                                              **Disposition**

None

_____

**Plaintiff**

**USA**                                    represented by   **Jennifer Klemetsrud Puhl**
                                                            U.S. ATTORNEY'S OFFICE
                                                            655 1 AVE N STE 250
                                                            FARGO, ND 58102
                                                            701-297-7400
                                                            Email: jennifer.puhl@usdoj.gov
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*
                                                            *Designation: USA*

| Date Filed | # | Select all / clear | Docket Text |
|---|---|---|---|
| 07/14/2011 | 🔒 1 | ☐ | SEALED INDICTMENT as to Pertoskie Williams (1) count(s) 1, 2. (Attachments: # 1 Criminal Cover Sheet) (lf) (Entered: 07/14/2011) |
| 07/14/2011 | 2 | ☐ | Redacted Indictment as to Pertoskie Williams. (lf) (Entered: 07/14/2011) |
| 07/14/2011 | 3 | ☐ | REQUEST FOR WARRANT upon filing of indictment as to Pertoskie Williams (lf) (Entered: 07/14/2011) |
| 07/22/2011 | | | Case unsealed as to Pertoskie Williams (lh) (Entered: 07/22/2011) |
| 07/22/2011 | 5 | | NOTICE OF HEARING as to Pertoskie Williams: Arraignment set for 7/25/2011 at 11:30 AM in Grand Forks before Magistrate Judge Alice R. Senechal. Initial Appearance set for 7/25/2011 at 11:30 AM in Grand Forks before Magistrate Judge Alice R. Senechal. (USA via video from Fargo ADR suite)(lh) (Entered: 07/22/2011) |
| 07/22/2011 | | | Arrest of Pertoskie Williams (lh) (Entered: 07/25/2011) |
| 07/22/2011 | 6 | ☐ | Arrest Warrant Returned Executed on 7/22/11 as to Pertoskie Williams. (lh) (Entered: 07/25/2011) |
| 07/25/2011 | 7 | ☐ | Minute Entry for proceedings held before Magistrate Judge Alice R. Senechal: Initial Appearance as to Pertoskie Williams held on 7/25/2011. Arraignment as to Pertoskie Williams (1) Count 1,2 held on 7/25/2011. Added attorney Christopher J. Lancaster (FPD) for Pertoskie Williams. Defendant released on personal recognizance. (DR #110725-000) (lc) (Entered: 07/25/2011) |

| 07/25/2011 | 8 | ☐ | ORDER APPOINTING FEDERAL PUBLIC DEFENDER as to Pertoskie Williams by Magistrate Judge Alice R. Senechal. (lc) (Entered: 07/25/2011) |
| 07/25/2011 | 🔒 13 | ☐ | Financial Affidavit by Pertoskie Williams (lc) (Entered: 07/26/2011) |
| 07/25/2011 | 14 | ☐ | ORDER Setting Conditions of Release as to Pertoskie Williams (1) Personal Recognizance by Magistrate Judge Alice R. Senechal. (lc) (Entered: 07/26/2011) |
| 07/26/2011 | 9 | ☐ | NOTICE OF ATTORNEY APPEARANCE: Christopher J. Lancaster appearing for Pertoskie Williams (Lancaster, Christopher) (Entered: 07/26/2011) |
| 07/26/2011 | 10 | ☐ | Request pursuant to Rule 404(b) as to Pertoskie Williams (Lancaster, Christopher) (Entered: 07/26/2011) |
| 07/26/2011 | 11 | ☐ | Request for Notice pursuant to Rule 609(b) as to Pertoskie Williams (Lancaster, Christopher) (Entered: 07/26/2011) |
| 07/26/2011 | 12 | ☐ | Invocation of Rights under the 5th & 6th Amendments as to Pertoskie Williams (Lancaster, Christopher) (Entered: 07/26/2011) |
| 07/28/2011 | 15 | ☐ | PRETRIAL ORDER AND JURY TRIAL NOTICE as to Pertoskie Williams by Magistrate Judge Alice R. Senechal: Jury Trial set for 9/27/2011 at 10:00 AM in Grand Forks before Chief Judge Ralph R. Erickson. Pretrial Conference set for 9/27/2011 at 9:30 AM in Grand Forks before Chief Judge Ralph R. Erickson. Trial estimate: 3-4 days. (lc) (Entered: 07/28/2011) |
| 09/13/2011 | 16 | ☐ | CHANGE OF PLEA NOTICE by Pertoskie Williams (Lancaster, Christopher) (Entered: 09/13/2011) |
| 09/15/2011 | 17 | | NOTICE OF HEARING as to Pertoskie Williams: Change of Plea Hearing set for 9/20/2011 at 11:00 AM in Grand Forks before Chief Judge Ralph R. Erickson (previously set for jury trial on 9/27/11) (sg) (Entered: 09/15/2011) |
| 09/15/2011 | | | Terminate Deadlines and Hearings as to Pertoskie Williams: FPT and Jury Trial previously set for 9/27/11 is canceled. (sg) (Entered: 09/15/2011) |
| 09/20/2011 | 18 | ☐ | STATUS REPORT by Pertoskie Williams (Knudson Stout, Kathy) (Entered: 09/20/2011) |
| 09/20/2011 | 19 | ☐ | Minute Entry for proceedings held before Chief Judge Ralph R. Erickson: Change of Plea Hearing as to Pertoskie Williams held on 9/20/2011, Plea of GUILTY entered by Pertoskie Williams (1) as to Counts 1 and 2. (Court Reporter kk) (sg) (Entered: 09/21/2011) |
| | | | |

| 09/20/2011 | 20 | ☐ | PLEA AGREEMENT as to Pertoskie Williams (sg) (Entered: 09/21/2011) |
| 09/20/2011 | 🔒 21 | ☐ | PLEA AGREEMENT SUPPLEMENT as to Pertoskie Williams re 20 Plea Agreement. (sg) (Entered: 09/21/2011) |
| 09/21/2011 | 22 | | NOTICE OF HEARING as to Pertoskie Williams: Sentencing set for 2/7/2012 at 10:00 AM in Grand Forks before Chief Judge Ralph R. Erickson. (sg) (Entered: 09/21/2011) |
| 02/02/2012 | 🔒 23 | ☐ | PRESENTENCE INVESTIGATION REPORT as to Pertoskie Williams (Vetsch, Jean) (Entered: 02/02/2012) |
| 02/02/2012 | 25 | | NOTICE OF HEARING as to Pertoskie Williams: Sentencing REset for 3/26/2012 at 11:00 AM in Fargo Courtroom 1 before Chief Judge Ralph R. Erickson (previously set for 2/7/12) (sg) (Entered: 02/02/2012) |
| 03/13/2012 | 26 | | NOTICE OF HEARING as to Pertoskie Williams: Sentencing REset for 5/23/2012 at 10:00 AM in Fargo Courtroom 1 before Chief Judge Ralph R. Erickson (previously set for 3/26/12) (sg) (Entered: 03/13/2012) |
| 04/24/2012 | 27 | | NOTICE OF HEARING as to Pertoskie Williams: Sentencing REset for 5/14/2012 at 10:30 AM in Fargo Courtroom 1 before Chief Judge Ralph R. Erickson (previously set for 5/23/12)(sg) (Entered: 04/24/2012) |
| 05/14/2012 | 28 | ☐ | Minute Entry for proceedings held before Chief Judge Ralph R. Erickson: Sentencing as to Pertoskie Williams held on 5/14/2012 (DR #120514-003.) (sg) (Entered: 05/14/2012) |
| 05/15/2012 | | | Case sealed as to Pertoskie Williams (am) (Entered: 05/15/2012) |
| 05/15/2012 | 29 | ☐ | PROBATION FORM PS8 Petition for Action on Conditions of Pretrial Release regarding Pertoskie Williams. Court orders the issuance of a Warrant by Chief Judge Ralph R. Erickson. (am) (Entered: 05/15/2012) |
| 05/16/2012 | 31 | ☐ | JUDGMENT by Chief Judge Ralph R. Erickson as to Pertoskie Williams (1), Counts 1 and 2: 102 months imprisonment, 3 years supervised release, $100 each count for a total of $200 special assessment, voluntary surrender: 7/16/12 by Chief Judge Ralph R. Erickson. (sg) Modified on 6/19/2012: Final Order on Petition 39 revoked the Order Setting Conditions of Release and committed defendant to custody of BOP. (lc) (Entered: 05/16/2012) |
| 05/16/2012 | 🔒 32 | ☐ | STATEMENT OF REASONS re 31 Judgment as to Pertoskie Williams by Chief Judge Ralph R. Erickson. (sg) (Entered: 05/16/2012) |
| 06/11/2012 | | | Arrest of Pertoskie Williams (am) (Entered: 06/12/2012) |

| 06/11/2012 | 33 | ☐ | Arrest Warrant Returned Executed on 6/11/2012 as to Pertoskie Williams. (am) (Entered: 06/12/2012) |
| 06/12/2012 | | | Case unsealed as to Pertoskie Williams (lh) (Entered: 06/12/2012) |
| 06/12/2012 | 34 | | NOTICE OF HEARING as to Pertoskie Williams: Initial Appearance on Revocation Proceedings set for 6/12/2012 at 11:45 AM in Grand Forks before Magistrate Judge Alice R. Senechal. (USA via video from Fargo ADR suite; USPO via video from Bismarck VCR)(lh) (Entered: 06/12/2012) |
| 06/12/2012 | 35 | ☐ | Minute Entry for proceedings held before Magistrate Judge Alice R. Senechal: Initial Appearance re Revocation of Pretrial Release as to Pertoskie Williams held on 6/12/2012. (DR #120612-000) (lc) (Entered: 06/12/2012) |
| 06/12/2012 | 36 | ☐ | ORDER OF DETENTION Pending Hearing as to Pertoskie Williams by Magistrate Judge Alice R. Senechal. Detention Hearing set for 6/15/2012 at 1:30 PM in Grand Forks before Magistrate Judge Alice R. Senechal. NOTE: Hearing on petition may be held in place of the detention hearing. (lc) (Entered: 06/12/2012) |
| 06/13/2012 | 37 | | (Text Only) ORDER REFERRING PETITION 29 Probation Form PS8 as to Pertoskie Williams to Magistrate Judge Alice R. Senechal for final disposition by Chief Judge Ralph R. Erickson. (SH) (Entered: 06/13/2012) |
| 06/15/2012 | 38 | ☐ | WAIVER of Detention Hearing by Pertoskie Williams (Lancaster, Christopher) Modified on 6/15/2012: Pleading also includes a waiver of hearing on petition. (lc) (Entered: 06/15/2012) |
| 06/15/2012 | | | Terminate Hearings as to Pertoskie Williams: Detention Hearing previously set for 6/15/2012 at 1:30 PM is cancelled (waiver filed). (lh) (Entered: 06/15/2012) |
| 06/19/2012 | 39 | ☐ | FINAL ORDER ON PETITION as to Pertoskie Williams re 29 Probation Form PS8 by Magistrate Judge Alice R. Senechal. (lc) (Entered: 06/19/2012) |
| 07/08/2015 | 41 | ☐ | MOTION to Reduce Sentence by Pertoskie Williams. (Attachments: # 1 Mailing Envelope)(js) (Entered: 07/08/2015) |
| 07/15/2015 | 42 | ☐ | ORDER by Chief Judge Ralph R. Erickson DENYING 41 Motion to Reduce Sentence as to Pertoskie Williams (1). (RP) Modified on 7/15/2015 to correct docket text at the request of chambers. NEF regenerated (lf). (Entered: 07/15/2015) |
| 07/24/2015 | 43 | ☐ | NOTICE OF APPEAL to US Court of Appeals by Pertoskie Williams re 42 Order on Motion to Reduce Sentence (Filing fee: IFP) (Attachments: # 1 Copy of handwritten motion sent to |

| | | | |
|---|---|---|---|
| | | | Judge Erickson on July 8, 2015 asking for a reduction in sentence, # 2 Mailing Envelope)(as) (Entered: 07/24/2015) |
| 07/24/2015 | | | Appeal Remark as to Pertoskie Williams re 43 Notice of Appeal, : 3 sealed copies of Presentence Investigation Report and Statement of Reasons mailed to Court of Appeals, St. Paul Office. (as) (Entered: 07/24/2015) |
| 07/24/2015 | 44 | ☐ | Transmittal of Notice of Appeal Supplement to 8th Circuit Court of Appeals as to Pertoskie Williams re 43 Notice of Appeal. (as) (Entered: 07/24/2015) |
| 07/24/2015 | | | Notice of Appeal and Docket Sheet mailed to Pertoskie Williams re 43 Notice of Appeal (as) (Entered: 07/24/2015) |
| 07/31/2015 | | | USCA Case Number 15-2659 for 43 Notice of Appeal, as to Pertoskie Williams (as) (Entered: 08/03/2015) |
| 08/17/2015 | 45 | ☐ | JUDGMENT of USCA as to Pertoskie Williams re 43 Notice of Appeal. Appeal dismissed. (as) (Entered: 08/17/2015) |
| 08/17/2015 | 46 | ☐ | MANDATE of USCA as to Pertoskie Williams re 43 Notice of Appeal, (as) (Entered: 08/17/2015) |
| 11/25/2015 | 🔒 47 | ☐ | (SEALED) MOTION to Reduce Sentence - Johnson Claims by Pertoskie Williams. (Attachments: # 1 (SEALED) Letters to Jennifer Puhl, # 2 Cover Letter, # 3 Mailing Envelope)(as) Modified on 3/29/2016 to seal main document and attachment 1 per chambers (lh). (Entered: 11/25/2015) |
| 03/04/2016 | 🔒 48 | ☐ | (SEALED) MOTION to Render Decision regarding Sentence Reduction, or in the alternative, request for Hearing regarding the same re 47 MOTION to Reduce Sentence - Johnson Claims, MOTION for Hearing by Pertoskie Williams. (Attachments: # 1 Mailing Envelope)(js) Modified on 3/29/2016 to seal motion per chambers (lh). (Entered: 03/04/2016) |
| 03/23/2016 | 49 | ☐ | ORDER Appointing Counsel under the CJA as to Pertoskie Williams re 47 MOTION to Reduce Sentence - Johnson Claims, and 48 MOTION to Render Decision by Chief Judge Ralph R. Erickson. (SH) (Entered: 03/23/2016) |
| 03/29/2016 | | | Attorney update in case as to Pertoskie Williams. Attorney Darla J. Schuman for Pertoskie Williams added. (lh) (Entered: 03/29/2016) |
| 05/26/2016 | 50 | ☐ | MOTION to Continue *of Filing Deadline for Supplemental Brief* by Pertoskie Williams. (Schuman, Darla) (Entered: 05/26/2016) |
| 05/27/2016 | 51 | | (Text Only) ORDER by Chief Judge Ralph R. Erickson granting 50 Motion to Continue of Filing Deadline for Supplemental Brief as to Pertoskie Williams (1). Deadline to |

| | | | |
|---|---|---|---|
| | | | file supplemental brief is extended to 6/27/2016 (previously due on 5/27/2016). (CK) (Entered: 05/27/2016) |
| 06/06/2016 | 52 | ☐ | MOTION to Vacate under 28 U.S.C. 2255 (Johnson vs. US) (Expedited Action requested) by Pertoskie Williams. (Attachments: # 1 Memorandum in Support)(as) Civil case 3:16-cv-00146-RRE opened. Modified on 6/6/2016 to correct civil case number division. NEF Regenerated. (as) (Entered: 06/06/2016) |
| 06/07/2016 | 53 | | (Text Only) ORDER re 52 MOTION to Vacate under 28 U.S.C. 2255 filed by Pertoskie Williams by Chief Judge Ralph R. Erickson. The United States shall respond to the motion on or before June 20, 2016. (SH) (Entered: 06/07/2016) |
| 06/07/2016 | | | Set/Reset Deadlines re Motion or Report and Recommendation in case as to Pertoskie Williams 52 MOTION to Vacate under 28 U.S.C. 2255. USA's Response is due by 6/20/2016. (js) (Entered: 06/08/2016) |
| 06/09/2016 | | | Attorney update in case as to Pertoskie Williams. Attorney Darla J. Schuman terminated per chambers. The Federal Public Defender's office has resumed representation for the defendant for the Motions re: Johnson v. U.S. filed at documents 47 , 48 and 52 . (rm) (Entered: 06/09/2016) |
| 06/20/2016 | 54 | ☐ | RESPONSE to Motion by USA as to Pertoskie Williams re 52 MOTION to Vacate under 28 U.S.C. 2255 (Attachments: # 1 Exhibit Agg Assault - NJ, # 2 Exhibit Robbery - NJ, # 3 Exhibit Burglary - NJ)(Puhl, Jennifer) (Entered: 06/20/2016) |
| 06/23/2016 | 55 | ☐ | MOTION to Continue *Deadline for Filing Reply to Government's Response to Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. 2255* by Pertoskie Williams. (Fulton, Neil) (Entered: 06/23/2016) |
| 06/24/2016 | 56 | | (Text Only) ORDER by Chief Judge Ralph R. Erickson granting 55 Motion to Continue Deadline for Filing Reply Brief as to Pertoskie Williams. Reply brief due on July 8, 2016. (SH) (Entered: 06/24/2016) |
| 06/24/2016 | | | Set/Reset Deadlines re Motion or Report and Recommendation in case as to Pertoskie Williams 52 MOTION to Vacate under 28 U.S.C. 2255. Replies due by 7/8/2016. (js) (Entered: 06/24/2016) |
| 07/07/2016 | 57 | ☐ | REPLY TO RESPONSE to Motion by Pertoskie Williams re 52 MOTION to Vacate under 28 U.S.C. 2255 (Fulton, Neil) (Entered: 07/07/2016) |
| 06/08/2017 | 58 | ☐ | SUPPLEMENT *Memorandum in Support of Motion to Correct Sentence Under 28 U.S.C. 2255* to document: 52 MOTION to |

| | | | Vacate under 28 U.S.C. 2255 filed by Pertoskie Williams as to Pertoskie Williams. (Fulton, Neil) (Entered: 06/08/2017) |
|---|---|---|---|
| 03/16/2018 | 🔒 | 59 | ☐ Letter from Pertoskie Williams (Attachments: # 1 Mailing Envelope) (td) (Entered: 03/16/2018) |
| 04/16/2018 | | 60 | ☐ SUPPLEMENT *Memorandum in Support of* document: 52 MOTION to Vacate under 28 U.S.C. 2255 filed by Pertoskie Williams as to Pertoskie Williams. (Attachments: # 1 Exhibit A - Essex County Judgment, # 2 Exhibit B - Explanation of Charges)(Fulton, Neil) Modified on 4/17/2018 to add more complete descriptions to attachments. (cd) (Entered: 04/16/2018) |
| 04/17/2018 | | | DOCKET CORRECTION re: 60 Supplement in case as to Pertoskie Williams. Clerk's Office added more complete descriptions to attachments. (cd) (Entered: 04/17/2018) |
| 05/23/2018 | | 61 | ☐ SUPPLEMENT *Supplemental Memorandum in Support of Motion to Correct Sentence* to document: 52 MOTION to Vacate under 28 U.S.C. 2255 filed by Pertoskie Williams as to Pertoskie Williams. (Fulton, Neil) (Entered: 05/23/2018) |
| 06/19/2018 | 🔒 | 64 | ☐ Letter from Vala Rae Williams to Judge Ralph R. Erickson as to Pertoskie Williams (Attachments: # 1 Mailing Envelope). (SH) (Entered: 09/05/2018) |
| 07/30/2018 | 🔒 | 62 | ☐ SEALED ORDER by Judge Ralph R. Erickson denying without prejudice 47 Motion to Reduce Sentence - Johnson Claims as to Pertoskie Williams (1); finding as moot 48 Motion to render a decision as to Pertoskie Williams (1); finding as moot 48 Motion for Hearing as to Pertoskie Williams (1); and granting 52 Motion to Vacate (2255) as to Pertoskie Williams (1) only as to finding regarding ACCA. (SH) Civil Case 3:16-cv-00146-RRE closed. (Main Document 62 replaced on 7/31/2018 to correct spelling of defendants name. NEF Regenerated.) (as) (Entered: 07/30/2018) |
| 07/30/2018 | 🔒 | 63 | ☐ *RESTRICTED - FILED IN THE WRONG CASE* Letter from Arnaldo Guerrero as to Pertoskie Williams (Attachments: # 1 Mailing Envelope) (as) Modified on 8/1/2018 to restrict access (lf). (Entered: 07/31/2018) |
| 08/01/2018 | | | DOCKET CORRECTION re: Letter 63 in case as to Pertoskie Williams. Letter was filed in the wrong case. Letter has been restricted and refiled in correct case: 3:12-cr-81. (lf) (Entered: 08/01/2018) |
| 09/28/2018 | | 65 | ☐ Stipulation by Pertoskie Williams (Lancaster, Christopher) (Entered: 09/28/2018) |
| 10/01/2018 | 🔒 | 66 | ☐ AMENDED PRESENTENCE INVESTIGATION REPORT as to Pertoskie Williams (kc) (Entered: 10/01/2018) |

| 10/01/2018 | 68 | ☐ | ORDER adopting 65 Stipulation as to Pertoskie Williams, Directing the Clerk to Amend the Judgment, and Releasing Pertoskie Williams from custody forthwith by Judge Ralph R. Erickson. (SH) (Entered: 10/01/2018) |
|---|---|---|---|
| 10/01/2018 | 69 | ☐ | AMENDED JUDGMENT by Judge Ralph R. Erickson as to Pertoskie Williams (1). 45 months imprisonment, 3 years supervised release, $200 special assessment. (as) (Entered: 10/01/2018) |
| 10/15/2018 | 70 | ☐ | SECOND AMENDED JUDGMENT as to Pertoskie Williams (1), Count 1 and 2: 45 months imprisonment, 3 years supervised release, $200 special assessment by Judge Ralph R. Erickson. (sg) (Entered: 10/15/2018) |
| 11/27/2018 | 71 | ☐ | PROBATION FORM 12A Report on Offender Under Supervision Approved (no court action at this time) as to Pertoskie Williams by Magistrate Judge Alice R. Senechal. (lh) (Entered: 11/27/2018) |
| 01/15/2019 | 72 | ☐ | REPORT OF POSITIVE TEST as to Pertoskie Williams (as) (Entered: 01/15/2019) |
| 01/15/2019 | 73 | ☐ | PROBATION FORM 12A Report on Offender Under Supervision Approved as to Pertoskie Williams by Magistrate Judge Alice R. Senechal. (as) (Entered: 01/15/2019) |
| 02/26/2019 | 74 | ☐ | PROBATION FORM 12A Report on Offender Under Supervision Approved as to Pertoskie Williams by Chief Judge Daniel L. Hovland. (am) (Entered: 02/26/2019) |
| 03/15/2019 | 75 | ☐ | Supervised Release Jurisdiction Transferred to the Eastern District of Virginia as to Pertoskie Williams Transmitted Transfer of Jurisdiction form, with certified copies of indictment, second amended judgment, plea agreement, docket sheet, and financial case inquiry. (js) (Entered: 03/15/2019) |

View Selected
or
Download Selected

PROB 22
(Rev. 1/2001)

| TRANSFER OF JURISDICTION | | Docket Number (Tran. Court) 2:11cr79-01 |
|---|---|---|
| | | Docket Number (Rec. Court) |
| Name and Address of Probation/Supervised Releasee: Pertoskie Williams Sterling, Virginia 20164 | District: North Dakota | Division: Fargo |
| | Sentencing Judge: | The Honorable Ralph R. Erickson |
| | Supervision Dates: | From: 10/1/2018 | To: 9/30/2021 |

| Offense: | Count 1: Possession of Firearm by a Convicted Felon Count 2: Possession of a Stolen Firearm |
|---|---|

**PART 1 – ORDER TRANSFERRING JURISDICTION**

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NORTH DAKOTA**

IT IS HEREBY ORDERED that pursuant to 18 U.S.C. § 3605, the jurisdiction of the probationer or supervised release named above, be transferred with the records of the Court to the United States District Court for the District of Eastern District of Virginia upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this Court.*

2-26-19
_____
Date

_____
The Honorable Daniel L. Hovland
Chief U.S. District Judge

\* This sentence may be deleted in the discretion of the transferring Court.

**PART 2 – ORDER ACCEPTING JURISDICTION**

**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA**

IT IS HEREBY ORDERED that jurisdiction over the above-named probationer-supervised releasee be accepted and assumed by this Court from and after the entry of this order.

3/14/19
_____
Effective Date

/s/
_____
Leonie M. Brinkema
United States District Judge

*CERTIFIED COPY*
I hereby certify that this instrument is a true and correct copy of the electronically filed original.
ATTEST:
ROBERT ANSLEY, CLERK
United States District Court
District of North Dakota
By _____
Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA
### NORTHEASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | **I N D I C T M E N T** |
| | ) | |
| | ) | Case No. _____ |
| v. | ) | |
| | ) | Violation:   18 U.S.C. §§ 922(g)(1), |
| | ) | 922(j), 924(a)(2), and 924(e) |
| PERTOSKIE WILLIAMS | ) | |

*CERTIFIED COPY*
I hereby certify that this instrument is a true and
correct copy of the electronically filed original.
ATTEST:
**ROBERT ANSLEY, CLERK**
United States District Court
District of North Dakota
By_____
Deputy Clerk

## COUNT ONE

**Possession of Firearm by a Convicted Felon**

The Grand Jury Charges:

On or about July 4, 2010, and continuing until in or about August 2010, in the

District of North Dakota, and elsewhere,

### PERTOSKIE WILLIAMS,

having been convicted of the following crimes, punishable by imprisonment for a term

exceeding one year:  1) First Degree Robbery, in violation of N.J.S. § 2C:15-1, a felony,

in Superior Court, County of Essex, State of New Jersey, Case No. 4529-10-91, on

April 24, 1992; 2) Second Degree Aggravated Assault, in violation of N.J.S. § 2C:12-

1b.(1), a felony, in Superior Court, County of Essex, State of New Jersey, Case

No. 4529-10-91, on April 24, 1992; 3) Second Degree Aggravated Assault, in violation

of N.J.S. § 2C:12-1b.(1), a felony, in Superior Court, County of Essex, State of New

Jersey, Case No. 1919-04-90, on May 29, 1990; 4) Burglary, in violation of N.J.S.

§ 2C:18-2, a felony,  in Superior Court, County of Essex, State of New Jersey, Case

No. 858-5-86, on October 10, 1986; 5) Burglary, in violation of N.J.S. § 2C:18-2, a

felony, in Superior Court, County of Essex, State of New Jersey, Case No. 566-4-86, on

October 10, 1986; and 6) Third Degree Attempted Theft, in violation of N.J.S. § 2C:20-

3a, a felony, in Superior Court, County of Essex, State of New Jersey, Case No. 615-2-

86, on October 10, 1986, knowingly possessed in and affecting commerce a firearm,

specifically, a High Standard, .22 magnum caliber, derringer, bearing serial

number D58309;

In violation of Title 18, United States Code, Sections 922(g)(1), 924(a)(2), and

924(e).

## COUNT TWO

### Possession of a Stolen Firearm

The Grand Jury Further Charges:

On or about July 4, 2010, and continuing until in or about August 2010, in the

District of North Dakota, and elsewhere,

### PERTOSKIE WILLIAMS,

knowingly received, possessed, concealed, stored, bartered, sold, and disposed of a stolen

firearm, specifically, a High Standard, .22 magnum caliber, derringer, bearing serial

number D58309, which had been shipped and transported in interstate commerce,

knowing and having reasonable cause to believe that the firearm was stolen;

In violation of Title 18, United States Code, Sections 922(j) and 924(a)(2).

A TRUE BILL:


_/s/ Foreperson_____
Foreperson



_/s/ Timothy Q. Purdon_____
TIMOTHY Q. PURDON
United States Attorney


JKP:tla

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal No.  2:11-cr-00079 |
| Plaintiff, | ) | |
| | ) | **PLEA AGREEMENT** |
| v. | ) | |
| | ) | |
| PERTOSKIE WILLIAMS, | ) | |
| | ) | |
| Defendant. | ) | |

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the

United States of America, by its attorneys, Timothy Q. Purdon, United States Attorney for

the District of North Dakota, and Jennifer Klemetsrud Puhl, Assistant United States

Attorney, defendant, PERTOSKIE WILLIAMS, and defendant's attorney, Christopher

Lancaster, agree to the following:

1.    Defendant acknowledges the Indictment in this case charges a violations of

Title 18, United States Code, Sections 922(g)(1), 924(a)(2), and 924(e) - Possession of

Firearm by a Convicted Felon, and Title 18, United States Code, Sections 922(j) and

924(a)(2) - Possession of a Stolen Firearm.

2.    Defendant has read the charges and defendant's attorney has fully explained

the charges to defendant.

3.    Defendant fully understands the nature and elements of the charged crimes.

4.    Defendant will voluntarily plead guilty to the Indictment.

*CERTIFIED COPY*
I hereby certify that this instrument is a true and
correct copy of the electronically filed original.
ATTEST:
· ROBERT ANSLEY, CLERK
United States District Court
District of North Dakota
By: _____
Deputy Clerk

5. The parties agree this Plea Agreement shall be filed as part of the Court record and be governed by Federal Rule of Criminal Procedure 11(c). The parties specifically agree that Rule 11(c)(1)(C) does not apply. If the United States makes the non-binding recommendations specified in this Plea Agreement, then defendant acknowledges this agreement will have been fulfilled. Except as provided in Rule 11(c)(5), the Court's refusal to accept any or all terms of the Plea Agreement does not give defendant a right to withdraw defendant's guilty plea.

6. Defendant will plead guilty because defendant is in fact guilty of the charges. In pleading guilty to these charges, defendant acknowledges that:

### Possession of Firearm by a Convicted Felon

On or about July 4, 2010, and continuing until in or about August 2010, in the District of North Dakota, and elsewhere, PERTOSKIE WILLIAMS, having been convicted of the following crimes, punishable by imprisonment for a term exceeding one year: 1) First Degree Robbery, in violation of N.J.S. § 2C:15-1, a felony, in Superior Court, County of Essex, State of New Jersey, Case No. 4529-10-91, on April 24, 1992; 2) Second Degree Aggravated Assault, in violation of N.J.S. § 2C:12-1b.(1), a felony, in Superior Court, County of Essex, State of New Jersey, Case No. 4529-10-91, on April 24, 1992; 3) Second Degree Aggravated Assault, in violation of N.J.S. § 2C:12-1b.(1), a felony, in Superior Court, County of Essex, State of New Jersey, Case No. 1919-04-90, on May 29, 1990; 4) Burglary, in violation of N.J.S. § 2C:18-2, a felony, in Superior Court, County of Essex, State of New Jersey, Case No. 858-5-86, on October 10, 1986; 5) Burglary, in violation of N.J.S. § 2C:18-2, a felony, in Superior Court, County of Essex, State of New Jersey, Case No. 566-4-86, on October 10, 1986; and 6) Third Degree Attempted Theft, in violation of N.J.S. § 2C:20-3a, a felony, in Superior Court, County of Essex, State of New Jersey, Case No. 615-2-86, on October 10, 1986, knowingly possessed in and affecting commerce a firearm, specifically, a High Standard, .22 magnum caliber, derringer, bearing serial number D58309;

In violation of Title 18, United States Code, Sections 922(g)(1), 924(a)(2), and 924(e).

### Possession of a Stolen Firearm

On or about July 4, 2010, and continuing until in or about August 2010, in the District of North Dakota, and elsewhere , PERTOSKIE WILLIAMS, knowingly received, possessed, concealed, stored, bartered, sold, and disposed of a stolen firearm, specifically, a High Standard, .22 magnum caliber, derringer, bearing serial number D58309, which had been shipped and transported in interstate commerce, knowing and having reasonable cause to believe that the firearm was stolen;

In violation of Title 18, United States Code, Sections 922(j) and 924(a)(2)

7. Defendant understands Counts carry the following maximum penalties:

| Count: | ONE |
|---|---|
| | |
| Imprisonment: | lifetime (min. mand. of 15 years) |
| Fine: | $250,000 |
| Supervised Release: | 5 years |
| Special Assessment: | $100 |
| | |
| Count: | TWO |
| | |
| Imprisonment: | 10 years |
| Fine: | $250,000 |
| Supervised Release: | 3 years |
| Special Assessment: | $100 |

Defendant agrees to pay the Clerk of United States District Court the $200 special assessment on the day of sentencing.

~~() Therefore, the total potential sentence under Count  is/are  year of imprisonment, a $ fine, a $ special assessment, and  year of supervised release.~~  9/20/11

3

8.     Defendant understands that by pleading guilty defendant surrenders rights, including:

(a)     The right to a speedy public jury trial and related rights as follow:

(i)     A jury would be composed of 12 lay persons selected at random. Defendant and defendant's attorney would help choose the jurors removing prospective jurors "for cause," where actual bias or other disqualification is shown; or by removing jurors without cause by exercising so-called peremptory challenges. The jury would have to agree unanimously before it could return a verdict. The jury would be instructed that defendant is presumed innocent and that it could not return a guilty verdict unless it found defendant guilty beyond a reasonable doubt.

(ii)     If a trial were held without a jury, then the Judge would find the facts and determine whether defendant was guilty beyond a reasonable doubt.

(iii)     At a trial, whether by a jury or Judge, the United States is required to present witness testimony and other evidence against defendant. Defendant's attorney can confront and examine them. In turn, the defense can present witness testimony and other evidence. If witnesses for

defendant refuse to appear voluntarily, defendant can require their attendance through the subpoena power of the Court.

(iv)    At trial, defendant has a privilege against self-incrimination; thus, defendant can decline to testify. No inference of guilt can be drawn from defendant's refusal to testify. Defendant can choose to testify, but cannot be required to testify.

(b)    Defendant has a right to remain silent. However, under terms of the Plea Agreement, the Judge will likely ask defendant questions about defendant's criminal conduct to ensure that there is a factual basis for defendant's plea.

9.    Defendant understands that by pleading guilty defendant is giving up all of the rights set forth in the prior paragraph, and there will be no trial. Defendant's attorney has explained those rights, and consequences of defendant's waiver.

10.    The Court shall impose a sentence sufficient to comply with purposes set forth in the Sentencing Reform Act. In doing so, the Court shall consider factors set forth in 18 U.S.C. § 3553(a), and must consult and take into account the United States Sentencing Commission, Guidelines Manual (Nov. 2010) (USSG). Defendant understands that the United States Attorney's Office will fully apprise the District Court and the United States Probation and Pretrial Services Office of the nature, scope, and extent of defendant's conduct, including all matters in aggravation and mitigation relevant

5

to the issue of sentencing. The United States expressly reserves the right to appeal from an unreasonable sentence.

11.     This Plea Agreement is binding only upon the United States Attorney for the District of North Dakota. It does not bind any United States Attorney outside the District of North Dakota, nor does it bind any state or local prosecutor. They remain free to prosecute defendant for any offenses under their jurisdiction. This Plea Agreement also does not bar or compromise any civil or administrative claim.

12.     Defendant understands the United States Attorney reserves the right to notify any local, state, or federal agency by whom defendant is licensed, or with whom defendant does business, of defendant's conviction.

13.     The parties agree that the base offense level under the Sentencing Guidelines for defendant's conduct is 24. (USSG § 2K2.1(a)(2))

14.     The parties agree that the following upward adjustments are applicable in this case: 2 levels because the firearm was stolen. (USSG § 2K2.1(b)(4))

15.     At sentencing, United States agrees to recommend a 2-level downward adjustment for acceptance of responsibility, provided defendant has demonstrated a genuine acceptance of responsibility. (USSG § 3E1.1(a)) The United States further agrees to move for an additional 1-level downward adjustment for timely notifying the United States of defendant's intention to enter a guilty plea, thus permitting the Court and the United States to allocate their resources efficiently. (USSG 3E1.1(b))

6

16.     Neither the Court nor Probation Office are parties to the Plea Agreement. Neither the Court nor the Probation Office are bound by the Plea Agreement as to determining the Sentencing Guideline range.  The Court may depart from the applicable guidelines range if the Court, on the record, states factors not contemplated by the Sentencing Guidelines Commission to justify the departure.  Both parties reserve the right to object to any departure.  See USSG § 1B1.1, comment.(n.1) (defines "departure"). There may be other adjustments the parties have not agreed upon.

17.     At sentencing, the United States will recommend a sentence at the end low of the applicable Guideline range or the minimum-mandatory sentence, whichever is greater.

18.     Defendant acknowledges and understands that if defendant violates any term of this Plea Agreement, engages in any further criminal activity, or fails to appear for sentencing, the United States will be released from its commitments.  In that event, this Plea Agreement shall become null and void, at the discretion of the United States, and defendant will face the following consequences:  (1) all testimony and other information defendant has provided at any time to attorneys, employees, or law enforcement officers of the government, to the Court, or to the Federal grand jury, may be used against defendant in any prosecution or proceeding; and (2) the United States will be entitled to reinstate previously dismissed charges and/or pursue additional charges against defendant and to use any information obtained directly or indirectly from defendant in

7

those additional prosecutions. Nothing in this agreement prevents the United States from prosecuting defendant for perjury, false statement, or false declaration, if defendant commits such acts in connection with this agreement or otherwise.

19.     Defendant acknowledges the provisions of Title 18, United States Code, Sections 2259 and 3663A, which require the Court to order restitution. Defendant agrees to pay restitution as may be ordered by the Court. Defendant acknowledges and agrees that the Court will order defendant to make restitution for all loss caused by defendant's conduct, regardless of whether counts of the Indictment will be dismissed as part of this Plea Agreement. Defendant further agrees to grant the United States a wage assignment, liquidate assets, or complete any other tasks the Court finds reasonable and appropriate for the prompt payment of any restitution or fine ordered by the Court.

20.     The United States will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms. Defendant and Defendant's attorney acknowledge that no threats, promises, or representations exist beyond the terms of this plea agreement.

21.     **Defendant's Waiver of Appeal.** Defendants have a right to appeal their conviction and sentence (Judgment), unless they agree otherwise. Appeals are taken to the United States Court of Appeals for the Eighth Circuit (appellate court), pursuant to Title 18, United States Code, Section 3742(a). The appellate court has ruled that defendants can waive (give up) their right to appeal. Defendants often waive their right

8

to appeal as part of a plea agreement and in exchange for concessions by the United States. The appellate court will enforce such waivers.

Defendant and defendant's attorney acknowledge they have fully reviewed and fully discussed the record in this case and all issues that may be raised on appeal. They have fully discussed defendant's right of appeal and the consequences of waiver. Defendant has decided to waive any right of appeal, except as may be provided herein.

By signing this agreement, defendant voluntarily waives defendant's right to appeal the Court's Judgment against defendant; and, absent a claim of ineffective assistance of counsel, defendant waives all rights to contest the Judgment in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255. Defendant reserves only the right to appeal from a sentence that is greater than the upper limit of the Court-determined Sentencing Guidelines range.

Defendant understands that the United States was motivated by defendant's willingness to waive any right of appeal when the United States chose to offer defendant terms of a plea agreement. In other words, the United States was willing to offer certain terms favorable to defendant in exchange for finality. Defendant understands and agrees this case will be over once defendant has been sentenced by the Court. Defendant agrees that it will be a breach of this agreement if defendant appeals in violation of this agreement. The United States will rely upon defendant's waiver and breach as a basis for dismissal of the appeal. Moreover, defense counsel may reasonably conclude and inform

9

the appellate court that an appeal is wholly frivolous. Defense counsel may then move to withdraw, citing Anders v. California, 386 U.S. 738, 744 (1967), and Smith v. Robbins, 528 U.S. 259 (2000). Defendant agrees an appeal in violation of this agreement should be dismissed.

By signing this agreement, the defendant further specifically waives defendant's right to seek to withdraw defendant's plea of guilty, pursuant to Federal Rules of Criminal Procedure 11(d), once the plea has been entered in accordance with this agreement. The appellate court will enforce such waivers. The defendant agrees that any attempt to withdraw defendant's plea will be denied and any appeal of such denial should be dismissed.

22.    The Assistant United States Attorney and attorney for defendant agree to abide by the provisions of Rule 32(f) of the Federal Rules of Criminal Procedure. The attorneys acknowledge their obligation to use good-faith efforts to resolve any disputes regarding the Presentence Investigation Report (PSIR) through a presentence conference or other informal procedures.

23.    Defendant acknowledges reading and understanding all provisions of the Plea Agreement. Defendant and defendant's attorney have discussed the case and reviewed the Plea Agreement. They have discussed defendant's constitutional and other

10

rights, including, but not limited to, defendant's plea-statement rights under Rule 410 of

the Federal Rules of Evidence and Rule 11(f) of the Federal Rules of Criminal Procedure.

AGREED:

TIMOTHY Q. PURDON
United States Attorney

Dated: _9-20-11_    By: _Janice M. Morley_
                         _for_ JENNIFER KLEMETSRUD PUHL
                         Assistant United States Attorney

Dated: _9-12-11_    _Pertoskie Williams_
                    PERTOSKIE WILLIAMS
                    Defendant

Dated: _9/20/11_    _Christopher Lancaster_
                    CHRISTOPHER LANCASTER
                    Attorney for Defendant

11

AO 245C (Rev. 2/18) Amended Judgment in a Criminal Case
Sheet 1
Case 2:11-cr-00079-RRE Document 703 Filed 10/13/18 Page 1 of 7

# UNITED STATES DISTRICT COURT

**District of North Dakota**     **\*SECOND**

| | |
|---|---|
| UNITED STATES OF AMERICA | ) **AMENDED JUDGMENT IN A CRIMINAL CASE** |
| **v.** | ) |
| Pertoskie Williams | ) Case Number: **2:11-cr-79** |
| | ) USM Number: **11122-059** |
| **Date of Original Judgment:**   5/16/2012 | ) **Rachael Steenholdt** |
| *(Or Date of Last Amended Judgment)* | ) Defendant's Attorney |

**Reason for Amendment:**

☑ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))

☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))

☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))

☐ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))

☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))

☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))

☐ Direct Motion to District Court Pursuant   ☑ 28 U.S.C. § 2255 or
    ☐ 18 U.S.C. § 3559(c)(7)

☐ Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**

☑ pleaded guilty to count(s)   **ONE(1) and TWO(2) of the Indictment.**

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC §§ 922(g)(1), 924(a)(2) and 924(e) | **Possession of Firearm by a Convicted Felon** | 08/2010 | 1 |

**continued on page 2**

The defendant is sentenced as provided in pages 2 through   **7**   of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**October 1, 2018**
Date of Imposition of Judgment

\*Amended to include additional special conditions, and to correct the special assessment (should be $200).

Signature of Judge

**Ralph R. Erickson**    **Circuit Judge**
Name and Title of Judge

*Oct. 12, 2018*
Date

CERTIFIED COPY
I hereby certify that this instrument is a true and correct copy of the electronically filed original.
ATTEST:
ROBERT ANSLEY, CLERK
United States District Court
District of North Dakota
By _____
Deputy Clerk

DEFENDANT:  Pertoskie Williams
CASE NUMBER:  2:11-cr-79

# ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC §§ 922(j) and 924(a)(2) | Possession of a Stolen Firearm | 08/2010 | 2 |

DEFENDANT:  Pertoskie Williams
CASE NUMBER:  2:11-cr-79

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of :

**45 months.**

☑   The court makes the following recommendations to the Bureau of Prisons:

**The defendant has served over 75 months in custody, and is ordered released from custody forthwith.**

☐   The defendant is remanded to the custody of the United States Marshal.

☐   The defendant shall surrender to the United States Marshal for this district:

    ☐   at _____   ☐ a.m.   ☐ p.m.   on _____ .

    ☐   as notified by the United States Marshal.

☐   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐   before 2 p.m. on _____ .

    ☐   as notified by the United States Marshal.

    ☐   as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245C (Rev. 09/11 Amended Judgment in a Criminal Case — Sheet 3 — Supervised Release
Case 2:11-cr-00079-SPC Document 47 Filed 03/18/19 Page 4 of 7 PageID# 30
(NOTE: Identify Changes with Asterisks (*))
Judgment—Page ___4___ of ___7___

DEFENDANT: Pertoskie Williams
CASE NUMBER: 2:11-cr-79

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of : <u>**THREE (3) years**</u>

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
5. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
6. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

| | Judgment—Page 5 of 7 |

DEFENDANT: Pertoskie Williams
CASE NUMBER: 2:11-cr-79

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1.  You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2.  After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3.  You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4.  You must answer truthfully the questions asked by your probation officer.
5.  You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6.  You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7.  You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8.  You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9.  If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10.  You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11.  You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12.  If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13.  You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____     Date _____

DEFENDANT: Pertoskie Williams
CASE NUMBER: 2:11-cr-79

## SPECIAL CONDITIONS OF SUPERVISION

1. You shall totally abstain from the use of alcohol and illegal drugs or the possession of a controlled substance, as defined in 21 U.S.C. § 802 or state statute, unless prescribed by a licensed medical practitioner; and any use of inhalants or psychoactive substances (e.g. synthetic marijuana, bath salts, etc.) that impair your physical or mental functioning.

2. You must submit to drug/alcohol screening at the direction of the U.S. Probation Officer to verify compliance. Failure or refusal to submit to testing can result in mandatory revocation. Tampering with the collection process or specimen may be considered the same as a positive test result.

3. As directed by the court, if during the period of supervised release the supervising probation officer determines that defendant is in need of placement in a Residential Re-Entry Center (RRC), the defendant shall voluntarily report to such a facility as directed by the supervising probation officer, cooperate with all rules and regulations of the facility, participate in all recommended programming, and not withdraw from the facility without prior permission of the supervising probation officer. The court retains and exercises ultimate responsibility in this delegation of authority as required by law. The defendant has a right to a hearing to determine if placement is appropriate and may request a hearing to determine whether the recommended placement is appropriate.

4. You shall undergo a mental health evaluation and, if recommended, participate in mental health treatment/counseling program as approved by the supervising probation officer.

5. You must submit your person, residence, workplace, vehicle, computer (including any passwords), and/or possessions to a search conducted by a United States Probation Officer based upon evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation, additional criminal charges, and arrest. The defendant shall notify any other residents that the premises may be subject to searches pursuant to this condition.

AO 245C (Rev. 09/11) Amended Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties
Case 2:11-cr-00079-DDB-NDB Document 1-1 Filed 03/04/19 Page 33 of 33 PageID# 33
(NOTE: Identify Changes with Asterisks (*))

Judgment — Page __7__ of __7__

DEFENDANT: **Pertoskie Williams**
CASE NUMBER: **2:11-cr-79**

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **JVTA Assessment\*** | **Fine** | **Restitution** |
|---|---|---|---|---|
| **TOTALS** | $ 200.00 | $ | $ | $ |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss\*\* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| **TOTALS** | $ 0.00 | $ 0.00 | |

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

    ☐ the interest requirement is waived for    ☐ fine    ☐ restitution.

    ☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.